United States District Court
Southern District of Texas
**ENTERED**
October 20, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|   Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:01-8 |
| | § | CIVIL NO. 6:16-30 |
| THOMAS ALLEN TOLAND, | § | |
|   Defendant/Movant. | § | |

## MEMORANDUM OPINION & ORDER

Defendant/Movant Thomas Allen Toland filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and amended motion under § 2255. D.E. 56, 60. Now pending before the Court is the United States' motion to dismiss (D.E. 61), to which Movant has not responded.

### I. Background

On October 22, 2001, Movant pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). The Presentence Investigation Report (PSR) assigned Movant a base offense level of 24; however, the PSR determined that because Movant had four prior drug trafficking convictions, he is an armed career criminal, resulting in an offense level of 33. After credit for acceptance of responsibility, his total offense level was 30. The applicable criminal history category was VI, based on both his 21 criminal history points and his status as armed career criminal. Movant faced a mandatory minimum sentence of 180 months as an armed career criminal; however, the Court granted the Government's motion for a downward departure and sentenced Movant to 84 months' imprisonment, to be followed by 5 years' supervised release. Judgment was entered on January 15, 2002. Movant did not appeal. He

1

was released from custody after serving his sentence, but on April 23, 2014, his term of supervised release was revoked, and he was sentenced to 5 months' imprisonment.

Movant filed the present motion on May 2, 2016, asserting relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). It is timely. *See* 28 U.S.C. § 2255(f)(3).

## II. Legal Standard

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). "Moreover, a defendant 'may not raise an issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error.'" *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (quoting *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc)).

## III. Movant's Allegations

Movant's § 2255 motion raises a single claim: In light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), he does not qualify as an armed career criminal.

## IV. Analysis

Under the Armed Career Criminal Act (ACCA), a person who possesses a gun in violation of 18 U.S.C. § 922(g) after sustaining three prior convictions for a "serious drug

offense" or "violent felony" faces a minimum prison term of 15 years and a maximum of life. 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" to mean any felony that: (i) "has as an element the use, attempted use, or threatened use of physical force against the person of another;" (ii) "is burglary, arson, or extortion, [or] involves use of explosives," or "*otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. §924(e)(2)(b) (emphasis added). The preceding italicized text—also known as the "residual clause"—was declared unconstitutionally vague by the Supreme Court in *Johnson v. United States*, 135 S.Ct. 2551, 2563 (2015).

The record shows that Movant's sentence was enhanced under the ACCA based on his four previous convictions for serious drug offenses, not for prior violent felonies. Accordingly, *Johnson* has no relevance to Movant's sentence, and there is no merit to his § 2255 motion.

**V. Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Although Movant has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a certificate of appealability (COA). *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c)

requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84).

Based on the above standards, the Court concludes that Movant is not entitled to a COA—that is, reasonable jurists could not debate the Court's resolution of his claims.

## VI. Conclusion

For the foregoing reasons, the Government's motion to dismiss (D.E. 61) is **GRANTED**, and Movant's motion and amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 56, 60) are **DENIED**. Additionally, Movant is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 19th day of October, 2016.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE